JUAN DE DIOS SANTINI, Appellant, *v.* INDUSTRIAL COMMISSION OF PUERTO RICO ET AL., Respondents; JOSÉ RIVERA RIVERA, Claimant.

No. 183. Argued July 8, 1940.—Decided July 19, 1940.

*R. Rivera Zayas* and *Joaquín Velilla* for appellant. *M. León Parra* for the respondent commission. *Víctor J. Vidal (Legal Adviser of the State Insurance Fund)* for the Manager of said Fund.

ON REHEARING

MR. JUSTICE TRAVIESO delivered the opinion of the court.

The antecedents of this case are set forth in the opinion which served as a basis for our judgment of March 15, 1940 (56 P.R.R. 345), now sought to be reconsidered. For a better understanding of the questions involved, we shall make a brief summary of the essential facts.

José Rivera Rivera filed, in the Industrial Commission of Puerto Rico, a claim for compensation against his uninsured employer, Juan de Dios Santini. When the case was called for hearing before Manuel León Parra, Chairman of the Commission, the employer attacked the jurisdiction of said chairman to entertain the proceedings, as from the record it did not appear that the commission had adopted any resolution delegating to him the power to take cognizance of the case as required, according to the employer, by sec-

tion 10 of the Workmen's Compensation Act. The Chairman of the Commission overruled the objection, on the ground that ever since the year 1935, when the said act went into effect, the commission had decided that the hearings should be held before a single commissioner, as this was made necessary by the large number of cases presented and the limited time available. In his motion for reconsideration, the employer insists upon this question.

There is some conflict or inconsistency between the arguments presented by the appellant to the Chairman of the Commission and what he now maintains in his motion for reconsideration. He then argued that no strict compliance had been made with section 10 of the Workmen's Compensation Act, and now he maintains that said section has no application to the facts of this case, because an uninsured employer is involved herein, whereas that section refers only to cases in which "the Manager and the *insured* workman or employee fail to reach an agreement in regard to compensation, or if, after they have reached an agreement which has been signed and filed in accordance with this Act, . . . the agreement is violated." In any event, as the jurisdictional question has been adequately raised we will proceed to decide the same.

■■ Said section 10 provides as follows:

"Section 10.—If the Manager and the *insured* workman or employee fail to reach an agreement in regard to compensation, or, if, after they have reached an agreement which has been signed and filed in accordance with this Act, and compensation has been paid or is pending payment in accordance with this Act, the agreement is violated in regard to the continuance of the weekly payments under said agreement or as to any other matter under such agreement, either party may notify the Industrial Commission which shall set the case for a hearing by the Industrial Commission or by a commissioner.

"If the case is set for hearing by a commissioner, the hearing shall be held in the locality where the accident occurred or in any other place that the Industrial Commission may designate, and the decision

of the commissioner, together with a statement of the evidence and his finding of facts, rulings of law, and other matters pertinent to the questions brought before him, shall be filed with the Industrial Commission for its decision; *Provided,* That the Commission may *motu proprio* or on request of an interested party, reconsider its decision; *And provided, further,* That in this last case, the petition for reconsideration must be filed within ten (10) days after the date on which the interested person is notified of the decision of the Commission.

"The Industrial Commisison shall file its decision with the record of the case, and shall notify the parties. Neither party shall be entitled to a second hearing in regard to questions of fact." (Italics ours.)

Section 15 in its pertinent part reads thus:

"Section 15.—In case of an accident to a workman or employee while working for an employer who, in violation of law, is not insured, the Manager of the State Fund shall determine the proper compensation plus the expenses in the case, and shall certify its decision to the Treasurer of Puerto Rico who shall collect from the employer such compensation and expenses, both of which shall constitute a lien on all the property of the employer; *Provided,* That said compensation and expenses are hereby declared to be liens preferred over any other charge or lien for taxes or any other cause, with the exception of the mortgage credits, crop loans, and property taxes on the encumbered property for three years and the current year, burdening the property of the employer when it is attached to secure the said compensation and expenses; *Provided, further,* That the Commisison shall grant the employer as well as the workman or employee in the case an opportunity to be heard and to defend themselves, conforming as far as possible to the practice observed in the district courts; *And provided, also,* That after the parties have been summoned by such means as the Commission may adopt, should they, or either of them, fail to appear for hearing and defense, it shall be understood that such party or parties waive their rights, and the Commission may decide the case in default, without further delay.

"* * * * * * *"

A careful study of both sections of the act leads us to the conclusion that the former, or section 10, as claimed by the appellant, refers solely to cases of workmen whose com-

pensation for accidents has been insured by the employer, and that section 15 is the one to be applied in cases where the employer is not insured with the State Insurance Fund. Let us discuss this point further.

The above-cited section 10 forms part of a chapter of the act which is entitled "Agreements between the Manager and the Claimant," and which comprises sections 9 to 11, inclusive. After section 9 empowers the Manager of the Fund to make agreements with the injured workmen or employees "if they are included under the terms fixed by this Act," and further provides that every arrangement, agreement or settlement between the manager and the injured person or his beneficiaries "shall have the effect of relieving the employer of any ulterior liability for the accident," section 10 prescribes that if the manager and the workman can not reach an agreement in regard to compensation or if any agreement made in regard to the continuance of the payments is violated, either party may notify the Industrial Commission, "which shall set the case for a hearing *by the Industrial Commission or by a commissioner.*"

When the law says "if they are included under the terms fixed by this Act" and "shall have the effect of relieving the employer of any ulterior liability for the accident," it necessarily implies that there must be an insured employer, as the workmen can not be comprised within the terms fixed by the act unless there be an insured employer; nor is the manager to make any arrangement, agreement, or settlement relieving the employer of any subsequent liability, unless the employer has previously constituted the manager his insurer. Likewise the fact that section 10 begins with the statement, "if the Manager and the insured workman or employee . . ." is an indication that said section refers only to insured employers. We have no doubt, therefore, that the said section does not comprise the employer herein, and that on the contrary his case is covered by section 15, which we have already transcribed, and which is included in the chapter

of the law entitled "Uninsured Employers." But if there should be any doubt as to whether said section 15 refers only to employers not insured with the State Insurance Fund, the same would be promptly dispelled by section 29 of the same Workmen's Compensation Act, which in its pertinent part provides:

"Section 29.—.

"Notwithstanding the provisions of section 15 of this Act as regards the jurisdiction conferred upon the Industrial Commission to intervene in cases of uninsured employers. . . ."

Having established the applicability of sections 10 and 15, respectively, to cases of insured and uninsured employers, we will proceed to examine the intervention of the Industrial Commission in each of them. Section 10 expressly provides that where insured employers are involved the commission may set "the case for a hearing by the Industrial Commission or by a commissioner." Section 15, which deals with uninsured employers, speaks only of the commission and not of any commissioner.

It must be presumed that the act has not used both terms indistinctly, for in conferring any power on the commissioners individually it has done so quite explicitly, as is shown by the fact that section 8 says "upon written request . . . of the Industrial Commission or of any commissioner thereof," and section 14 provides that certain documents shall be admissible in proceedings before "the Industrial Commission or any commissioner."

We think we have established that although the cases of insured employers may be heard indistinctly, at the discretion of the Industrial Commission, by the latter or by a commissioner, those involving uninsured employers are to be heard exclusively by the Industrial Commission of Puerto Rico.

When is the Industrial Commission of Puerto Rico constituted as such? Section 6 (*b*) of the act says that the

Industrial Commission of Puerto Rico shall consist of three commissioners, etc. The same section provides that a majority of the commission shall constitute a *quorum*, and that the lack (*vacante*) or absence of one of its members shall not obstruct the right of the other two members to exercise all the powers and perform all the duties prescribed for them by this act, which is the equivalent of saying that the lack or absence of more than one of its members will obstruct the right of the remaining commissioner to exercise all the powers and perform all the duties prescribed for him by the act. As the case herein involves an uninsured employer, as section 15 requires that such cases be heard by the Industrial Commission, and as section 6 (*b*) impliedly provides that the lack or absence of more than one of its members shall preclude the right of the remaining commissioner to exercise all the powers and perform all the duties prescribed for the commission by the act, we can reach no other conclusion than that the Chairman of the Industrial Commission acted without jurisdiction in taking cognizance of this case, which should have been heard by the Industrial Commission, constituted by its three commissioners or a *quorum* thereof. It is only natural that this should be so. Where the employer has failed to insure his workmen with the State Insurance Fund, said workmen may proceed against him by filing a petition for compensation with the Industrial Commission, and may also bring an action for damages just as if the Workmen's Compensation Act were not applicable. In such proceedings, says section 15, "the fact that the workman or employee was guilty of contributory negligence; or that he assumed the risk of the injury; or that the injury was caused by the negligence of a fellow workman; or that the injury was caused by the negligence of a contractor or independent subcontractor, unless such contractor or subcontractor is insured in accordance with the provisions of this Act, shall not constitute a defense for the employer." It is only logical that in such cases the

employer should be afforded ample protection, by providing that at least two, out of three, impartial men should try their cases, for even though a commissioner who presides over a hearing in the absence of the other two members of the commission, should subsequently forward to the latter the evidence and the findings thereon made by him, the commissioners who did not have the opportunity to see the witnesses or to hear them testify would not be in the same position as the commissioner who saw and heard them, for determining the veracity of the witnesses, as in order to do this it is necessary to observe their gestures and their demeanor while testifying.

That for a determination of the cases covered by section 15 of the act a *quorum* of the commission is sufficient, is confirmed by subdivision 5, section 5 of the same act, which empowers the manager to pay an award of compensation in full ''subject to the approval of the Industrial Commission *by the unanimous vote of its members.*''

For the reasons stated the motion for reconsideration filed by the appellant, Juan de Dios Santini, must be granted, our judgment of March 15, 1940, must be set aside and another rendered instead reversing the decision of the Industrial Commission of October 16, 1939, and the case will be remanded to the Industrial Commission for further proceedings not inconsistent with this opinion.

Mr. Justice De Jesús took no part in the decision of this case.